IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD PAUL CHAPMAN,

    Petitioner,        No. CIV-S-05-1511 LKK KJM P

    vs.

JEANNE WOODFORD,        ORDER AND

    Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Several matters are before the court.

1. Proper Respondent

        Petitioner has filed a motion asking that "Jeanne Woodford" be identified as the respondent in this action.[1] Respondent has not objected to this request. Good cause appearing, petitioner's request will be granted.

II. Request For Appointment Of Counsel

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

---

[1] To the extent Ms. Woodford has been succeeded in her official position, her successor shall be substituted in upon notice to the court of the successor's name. Fed. R. Civ. P. 25(d).

1

453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

III. Request For Judicial Notice

Respondent asks that the court take judicial notice of various documents concerning petitioner's challenge to his conviction and sentence in state court. Petitioner does not oppose respondent's request. Good cause appearing, respondent's request for judicial notice will be granted. See Fed. R. Evid. 201(b)(2).

III. Motion To Dismiss

Respondent has filed a motion asking that this case be dismissed as time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

/////

1  On October 10, 2003, petitioner filed in the California Supreme Court a petition
2  for review of the California Court of Appeal's denial of petitioner's appeal of his conviction and
3  sentence. Resp't's Lodged Doc. # 1. The petition for review was denied November 12, 2003.
4  Resp't's Lodged Doc. # 2. <u>Id</u>. Petitioner's conviction became final for purposes of
5  § 2244(d)(1)(A) on February 10, 2004, when time expired for petitioner to seek a writ of
6  certiorari with respect to the California Supreme Court's denial of petitioner's direct appeal
7  request for review. See <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that
8  the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a
9  petitioner can file a petition for a writ of certiorari from the United States Supreme Court,
10 whether or not the petitioner actually files such a petition."). The limitations period applicable
11 to this action began to run the next day, February 11, 2004.

12 It is not disputed that the limitations period ran until January 18, 2005 when
13 petitioner filed a petition for collateral relief in the Superior Court of Sacramento County.
14 Resp't's Lodged Doc. # 5. That petition was denied on April 12, 2005. Resp't's Lodged Doc.
15 # 4. The AEDPA provides that "the time during which a properly filed application for State
16 post-conviction or other collateral review with respect to the pertinent judgment or claim is
17 pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.
18 § 2244(d)(2). However, respondent asserts that the limitations period was not tolled for the time
19 petitioner's superior court petition was pending because it was not "properly filed." Mot. at
20 3:18-26.

21 In his Superior Court petition, petitioner asserts two claims. The first is that his
22 counsel on direct appeal rendered ineffective assistance. Resp't's Lodged Doc. # 5 at 5. The
23 second claim is that certain jury instruction errors deprived petitioner of due process. <u>Id</u>. at 36.
24 The Superior Court denied the first claim as untimely and on the merits. Resp't's Lodged Doc.
25 #4. In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005), the Supreme Court
26 held that a state court application deemed untimely will not provide a basis for tolling under 28

1   U.S.C. § 2244(d)(2).  In this case, the Superior Court did not address petitioner's second claim.

2   In such cases, the Supreme Court has held that federal district courts in California must

3   determine whether California courts would have found that the delay in bringing unaddressed

4   claims was reasonable.  <u>Evans v. Chavis</u>, ___ U.S. ___, 126 S. Ct. 846, 852 (2006).  It is not

5   clear why the Superior Court did not address petitioner's jury instruction claim.  Most likely, the

6   court simply overlooked the claim.  In any case, there is no reason evident in the record to

7   suggest the Superior Court would have found the ineffective assistance of counsel claim untimely

8   and the jury instruction claim timely, as both claims were apparent from the record when

9   petitioner's direct appeal had become final eleven months prior to the filing of the Superior Court

10  petition.  Additionally, it was not reasonable under California law for petitioner to wait more

11  than eleven months to bring his jury instruction claim before the Superior Court.  See <u>Evans</u>, 126

12  S. Ct. at 854 (unexplained delay of six months not "reasonable" under California law).

13         Because the Superior Court petition was not properly filed and because petitioner

14  fails to present any other basis for tolling the limitations period, the limitations period expired at

15  the end of the day on February 10, 2005.[2]  Accordingly, this action commenced on July 27, 2005

16  must be dismissed.

17  /////

18  /////

19  /////

---

21     [2]  On February 9, 2005, two days before the limitations period applicable to this action was set to expire, petitioner refiled the same petition he filed on January 18, 2005 in the Sacramento County Superior Court.  Resp't's Lodged Doc. #3.  On March 30, 2005, the second petition was denied for being successive and untimely.  Resp't's Lodged Doc. #3.  Under <u>Pace</u>, the second petition was not properly filed for purposes of 28 U.S.C. § 2244(d)(2).

       Petitioner filed other applications for relief in California courts after his Superior Court action was dismissed.  Resp't's Lodged Docs. #s 7, 9 & 11.  These actions are of no consequence to a determination as to whether petitioner's application for writ of habeas corpus is time-barred because, by the time these actions were filed, the limitations period had run.  See <u>Jimenez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, IT IS HEREBY ORDERED that:

1. Jeanne Woodford is hereby designated as the respondent in this action;

2. Petitioner's March 9, 2006 motion for appointment of counsel is denied; and

3. Respondent's February 17, 2006 request for judicial notice is granted.

IT IS HEREBY RECOMMENDED that:

1. Respondent's February 17, 2006 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
chap1511.157