IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD PAUL CHAPMAN,

    Petitioner,                     No. CIV S-05-1511 LKK KJM P

    vs.

JIM TILTON,

    Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On May 22, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that objections to the findings and recommendations could be filed. Petitioner has timely-filed objections to the findings and recommendations.[1]

---

[1] In his objections petitioner argues for the first time, and presents evidence in support of his argument, that a portion of the limitations period for this action should be "equitably tolled." While the court has discretion to consider new arguments or evidence presented in objections to findings and recommendations issued by a magistrate judge, Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002), the court declines to do so in this case as petitioner has failed to explain his delay in asserting his equitable tolling argument. In any case, petitioner has not shown that

1

1       In accordance with the provisions of 28 U.S.C. § 636(b)(1)© and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 22, 2006, are adopted in full;

2. Respondent's February 17, 2006 motion to dismiss is granted; and

3. This case is dismissed.

DATED: September 28, 2006.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

extraordinary circumstances beyond his control made it impossible for him to file his habeas application on time. Espinoza-Matthews v. California, 432 F.3d 1021, 1026, (9th Cir. 2005). Petitioner also asks that the court hold a hearing with respect to petitioner's equitable tolling argument. However, petitioner has not demonstrated any particular need for a hearing and the court generally does not hold hearings with respect to motions brought by pro-se prisoners. Local Rule 78-230(m).